# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO ANDERSON, | CASE NO.   1:09-cv-02020-OWW-MJS (PC) |
| Plaintiff, | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| B. PETERSON, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SCREENING ORDER**

I.   **PROCEDURAL HISTORY**

Plaintiff Rodolfo Anderson ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 18, 2009.  (ECF No. 1.)  No other parties have appeared.

Plaintiff's Complaint  is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may

1

be granted.

## II.  SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III.  SUMMARY OF COMPLAINT

Plaintiff alleges that his First Amendment rights are being violated by a Defendant's retaliatory conduct, that his due process rights have been violated, that he is being subjected to cruel and unusual punishment, and that Defendants have failed to protect him

2

from the retaliatory conduct. Plaintiff names the following individuals as Defendants: B. Peterson, Correctional Counselor I and R. Diaz, Facility Captain, Chairperson of Committee.

Plaintiff alleges the following: On November 8, 2005, Plaintiff was placed in administrative segregation ("ad-seg") after being written up for an indecent exposure incident. Plaintiff received another write up for indecent exposure on January 20, 2006. He remained in ad-seg until December 21, 2006 when he was released to C-Yard general population after a Unit Classification Committee ("UCC") hearing.

On January 10, 2007, Plaintiff gave Defendant Peterson a 602 grievance asking why Plaintiff had not been taken to the UCC hearing in a timely fashion. Defendant never responded. However, shortly after that, on January 26, Plaintiff was again brought before the UCC for a hearing. Plaintiff requested a mental health clinician be present to evaluate him before the hearing. This request was denied. At the hearing, Defendant Peterson recommended that Plaintiff be classified as C status and placed in a Behavioral Management Unit ("BMU"). When Plaintiff asked why he was being placed in BMU, Defendant Peterson responded that he should not have written that 602 on him.

Plaintiff seeks a declaratory judgment, preliminary and permanent injunctions, compensatory, punitive, and nominal damages.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

3

redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Retaliation Claim

Plaintiff states that he is being retaliated against by Defendant Peterson for exercising his constitutional rights.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has failed to plead facts sufficient to sustain a claim of retaliation by prison officials. Plaintiff claims that Defendant Peterson recommended C status and BMU placement in retaliation for Plaintiff filing a grievance against him. Plaintiff states that he personally served Defendant Peterson with the grievance and never received a response. He also alleges that in response to questioning his classification and placement, Defendant Peterson responded that Plaintiff should not have filed a grievance against him.

Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). A mis-classification or wrong placement can be an adverse action sufficient to satisfy the retaliation standard. Thus, Plaintiff has satisfied the first and third prongs of the retaliation standard.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Though Plaintiff has failed to plead any facts as to whether he was chilled because of his status and placement, the Court finds that he has satisfied the fourth prong because a person of ordinary firmness would be chilled by such activities.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Morgan, 874 F.2d at 1314). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Plaintiff has alleged sufficient facts showing suspect timing related to his reclassification and placement and the filing of the grievance against Defendant Peterson. Thus, Plaintiff has stated adequate facts to satisfy the second prong of his retaliation claim.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison

authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." <u>Rizzo</u>, 778 F.2d at 532.  This is not a high burden to reach.  <u>See</u> <u>id.</u> (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry).  Plaintiff states that according to prison regulations he does not meet the requirements to be classified and placed in the BHU.  However, a review of the attachments to Plaintiff's Complaint shows that Plaintiff did meet the requirements for the status and placement he received, and the Court may disregard factual allegations that are contradicted by exhibits attached to the complaint.  <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).  (ECF No. 1, Pl.'s Compl. Exh. A, p. 12-13.)  It therefore appears that Plaintiff's classification and status advanced legitimate penological goals.  As such, Plaintiff has failed to satisfy the fifth prong of his retaliation claim.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted.  The Court will give Plaintiff leave to amend and cure the deficiencies noted herein.

**B.     Failure to Protect Claim**

Plaintiff appears to be alleging that Defendant Diaz failed to protect him from Defendant Peterson's actions.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994).  "A prison official may be held liable for

6

failing to protect an inmate from another prison guard if he knew of an excessive risk to inmate health or safety posed by the other prison guard and disregarded that risk." Jones v. Ruiz, 2010 WL 3505119, *7 (W.D. Tex. Sept. 2, 2010) (citations omitted).  The Ninth Circuit has noted that "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." U.S. v. Koon, 34 F.3d 1416, 1446-47 n.25 (9th Cir. 1994), rev'd on other grounds by 518 U.S. 81 (1996); Estate of Brutsche v. City of Federal Way, 2006 WL 3734153, *5-6 (W.D. Wash. Dec.14, 2006).  "If a bystander officer fails to fulfill this duty, he can face the same liability as colleagues who directly violated the suspect's rights." Aragonez v. County of San Bernardino, 2008 WL 4948410, *6 (C.D. Cal. Nov. 18, 2008).  Bystander officers only have a duty to stop a violation where they know or have reason to know of the constitutional violation. Ting v. U.S., 927 F.2d 1504, 1511 (9th Cir. 1991), see also Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1029-30 (9th Cir. 2002) (holding that bystander officers could not be held liable for failing to stop an unlawful search where they had no reason to believe the warrant at issue was defective).

However, "law enforcement officers are only liable for failure to intercede if they had a 'realistic opportunity' to do so." Radwan v. County of Orange, 2010 WL 3293354, *24 (C.D.Cal. Aug. 18, 2010); see Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000). If an officer is not present during a constitutional violation, or the violation happens too quickly, there may be no realistic opportunity to intercede. See id.; Knapps v. City of Oakland, 647 F.Supp.2d 1129, 1159-60 (N.D. Cal. 2009).

Plaintiff does not allege anything in regard to this claim.  He does not state that Defendant Diaz had knowledge of a risk of serious harm posed to Plaintiff.  He does not

state that Defendant Diaz was deliberately indifferent to any actions or inactions or harm caused to Plaintiff.  He does not state that Defendant Diaz had the opportunity to stop the alleged constitutional violations.  Thus, this claim fails.  Plaintiff is granted leave to amend to state facts sufficient to state a cognizable claim.

### C.     Due Process Claim

Plaintiff alleges that his due process rights were violated but he does not state how, when, or by whom.  In fact, he does not describe his UCC hearing at all other than stating that his request for a mental health evaluation before the hearing was denied.  The Court will grant Plaintiff leave to amend so that Plaintiff can state facts supporting his claim.  Assuming that this claim is somehow related to the UCC hearings Plaintiff received, he must keep the following legal standards in mind if he chooses to amend this claim.

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Id.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Id.  Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff does not have a constitutional right to determine his own housing placement. Meachum v. Fano, 427 U.S. 215, 225 (1976). Thus, if such a right exists, it must be created by California in a manner that gives rise to a liberty interest. The definition of a state created liberty interest usually means the state has established "substantive predicates" to govern official decision-making and mandates the outcome to be reached upon a finding that the relevant criteria have been met. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460-62 (1989).

If Plaintiff attempts to pursue this claim in his Amended Complaint, the Court notes that courts repeatedly find no liberty interest created by penal codes. See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983) (finding no liberty interest in Hawaii statute on housing placement); Aggers v. Tyson, 2010 WL 4867602, *1 (E.D. Cal. Nov. 15, 2010) (finding that Penal Code § 5068 does not create a liberty interest protected by the due process clause).

### D.   Cruel and Unusual Punishment Claim

Plaintiff alleges that he is being subjected to cruel and unusual punishment. However, he does not state how. The Court assumes that he is referring to his classification and placement.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's

9

necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and "harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that he was mis-classified and wrongfully placed in the BHU and that this error has subjected him to cruel and unusual punishment. This claim fails for a number of reasons. First, Plaintiff does not attribute his mis-classification or wrongful placement to either of the named Defendants. The statement of facts merely states that Defendant Peterson recommended a certain classification and status, but not that he made the final decision. Second, Plaintiff has not alleged that there was any harm caused to him. Finally, Plaintiff has not alleged that a named Defendant was deliberately indifferent to that harm. For these reasons, Plaintiff's deliberate indifference claim fails. The Court will grant Plaintiff leave to amend and state facts sufficient to make such a claim.

10

E.     **Personal Participation and Supervisory Liability**

Plaintiff appears to be arguing that Defendant Diaz is liable for the conduct of subordinates as, according to Plaintiff's statement of facts, he was not present and did not participate in the complained of conduct. In fact, Defendant Diaz is not mentioned at all in the factual allegations that make up Plaintiff's Complaint.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so

11

deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff has not alleged facts demonstrating that Defendant Diaz personally acted to violate his rights. In his Amended Complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting

Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, other than as requested by the Court. Plaintiff should focus the amended complaint on claims and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-2020-OWW-MJS (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for

////

////

failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   December 20, 2010           /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE